UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SELENE COMMUNICATION TECHNOLOGIES, LLC,

    Plaintiff,

v.

TREND MICRO, INC., et al.,

    Defendants.

Case No. C-15-00259 EDL

CASE MANAGEMENT AND PRETRIAL ORDER

Following the Case Management Conference held on April 28, 2015, IT IS HEREBY ORDERED THAT pursuant to Fed. R. Civ. P. 16, the following case management and pretrial order is entered:

1.     DISCOVERY

    a.     All non-expert discovery shall be completed fifty (50) days after the order on claim construction is issued. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

    b.     Each side shall be limited to 50 hours of fact depositions, and seven hours of expert deposition per opening or rebuttal report submitted. Each party may propound 100 requests for documents, 30 interrogatories and 35 requests for admission on each opposing party, inclusive of the discovery that has already been propounded.

    c.     Initial expert disclosures shall be made no later than January 15, 2016. Rebuttal expert disclosures shall be made no later than February 16, 2016. All treating physicians who will

provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

       d.      All expert discovery shall be completed no later than March 18, 2016. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

       e.      Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

       f.      Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

       g.      **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:

    1.    The name and job title or capacity of the author;

    2.    The name and job title or capacity of each recipient;

    3.    The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    4.    The title and description of the document;

    5.    The subject matter addressed in the document;

    6.  The purpose(s) for which it was prepared or communicated; and

    7.  The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due (in a rolling production, 14 days after each set of documents is produced), unless the parties stipulate or the Court orders otherwise in a particular case.

  h.  In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

  3.  <u>MOTIONS</u>

The last day for hearing dispositive motions shall be May 24, 2016.  Dispositive motions shall be served and filed no later than **thirty-five (35)** days prior to the scheduled hearing date.  Briefing shall be in compliance with Civil Local Rule 7-3.

  4.  <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

This matter has been referred to mediation.

  5.  <u>PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION</u>

  a.  The parties claiming infringement shall serve "Disclosure of Asserted Claims and Infringement Contentions" and produce or make available for inspection documents designated in Patent L.R. 3-2 no later than May 12, 2015.

  b.  Opposing parties must serve "Invalidity Contentions" and produce or make available for inspection documents designated in Patent L.R. 3-4 no later than June 26, 2015.

  c.  Patent L.R. 4-1 exchange of proposed terms for construction shall occur no later than July 10, 2015.

  d.  Patent L.R. 4-2 exchange of preliminary claim constructions and provide identification of extrinsic evidence to support those constructions shall occur no later than July 31, 2015.

  e.  The parties shall file a Patent L.R. 4-3 joint claim construction and pre-hearing statement no later than August 25, 2015.

    f.  Patent L.R. 4-4 discovery relating to claim construction must be completed no later than September 24, 2015.

    g.  The parties alleging infringement must serve and file opening claim construction briefs no later than October 9, 2015.

    h.  Opposition claim construction briefs shall be filed and served no later than October 23, 2015.

    i.  Reply claim construction briefs shall be filed and served no later than October 30, 2015.

    j.  The Court will hold a claim construction tutorial on November 18, 2015 at 9:30 a.m.

    k.  The Court will hold a claim construction hearing on December 1, 2015 at 1:30 p.m.

Dated: May 4, 2015

                _____
                ELIZABETH D. LAPORTE
                United States Magistrate Judge